UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **UNITED STATES OF AMERICA**,<br>Plaintiff,<br>v.<br>**RICHARD LAMAR LINYARD**,<br>Defendant. | Case No.  13-cr-00103-YGR-1<br><br>**ORDER DENYING MOTION TO REDUCE SENTENCE**<br>Re: Dkt. No. 32 |

On October 14, 2014, defendant Richard Lamar Linyard filed a motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2). (Dkt. No. 32.) On February 10, 2015, the probation office prepared a sentence reduction investigation report concluding the defendant is not entitled to a reduction. (Dkt. No. 33.) On March 1, 2015, the Federal Public Defender filed a Notice of Non-Intervention. (Dkt. No. 34.)

Having read and carefully considered the papers submitted, and for the reasons explained below, the Court **DENIES** defendant's motion.

 "Under § 3582(c)(2), a defendant is eligible for a sentence reduction if two prongs are satisfied: (1) the sentence is *based on* a sentencing range that has subsequently been lowered by the Sentencing Commission and (2) such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *United States v. Pleasant*, 704 F.3d 808, 810-11 (9th Cir. 2013) (quoting 18 U.S.C. § 3582(c)(2)) (internal quotations and citation omitted) (emphasis in original).

Defendant's motion for a reduction in sentence is premised upon Amendment 782 (which reduced by two the offense level for many drug trafficking offenses). The U.S. Sentencing Commission provided a November 1, 2014 effective date for the amendment, which was issued on July 18, 2014. U.S. Sentencing Commission Guidelines ("USSG") § 1B1.10(a)(1) provides that a

defendant's sentence may be reduced where the applicable guideline range has been lowered as a result of an amendment.

The Court has reviewed the defendant's motion, the sentence reduction investigation report, and the underlying case file, including the presentence investigation report. Here, judgment was entered on February 24, 2014. Defendant's motion fails to account for the Chapter Four enhancement applied to his case. The underlying materials demonstrate the defendant's offense level was premised upon the Career Offender provisions of USSG § 4B1.1, which, in his case, provided for an offense level of 34. After adjustment for acceptance of responsibility, his guideline range was 188 months to 235 months. He was sentenced to 84 months on each of two counts to run concurrently.

Given his Career Offender status, the Court finds that the defendant is not eligible for a sentencing reduction pursuant to Amendment 782 as the applicable guideline range in his case would not be decreased by virtue of the amendment. *See United States v. Leniear*, 574 F.3d 668, 673-74 (9th Cir. 2009) (holding a district court did not err in finding it lacked jurisdiction to modify a sentence where the amendment at issue would not have modified the applicable sentencing range). As the sentence was not premised on a sentencing range that was subsequently lowered by the Commission, the Court need not reach the second prong of the *Pleasant* analysis. Accordingly, defendant's motion for a sentencing reduction is **DENIED**.

This Order terminates Docket Number 32.

**IT IS SO ORDERED.**

Dated: February 26, 2016

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**